PEOPLE v OSBY

Docket No. 295548. Submitted January 12, 2011, at Grand Rapids. Decided January 27, 2011, at 9:00 a.m.

A Berrien Circuit Court jury convicted Irby Osby, Jr., of possessing burglary tools, receiving and concealing stolen property worth $200 or more but less than $1,000, possession of marijuana, and breaking into a motor vehicle to steal property worth $200 or more but less than $1,000. The court, Sterling R. Schrock, J., sentenced him as a fourth-offense habitual offender to 58 to 240 months in prison for possession of burglary tools and to time served for the other convictions. Defendant appealed.

The Court of Appeals *held*:

1. The testimony of the wife of one victim concerning the damage to her husband's car and the items stolen from it was not hearsay under MRE 501(c) because the witness testified from her own knowledge and not from what her husband had told her.

2. MCL 750.116 prohibits the knowing possession of a tool, implement, or device adapted and designed for breaking open any building, room, vault, safe, or other depository to steal property from it. The term "depository" is a catchall phrase that includes motor vehicles. Because defendant was burglarizing motor vehicles and possessed a window punch (a device used to break car windows), there was sufficient evidence to support his conviction of possessing burglary tools.

3. Defendant's sentence was not excessive. The habitual-offender enhancement was based on defendant's earlier convictions and the court properly used its discretion in addressing any mitigating factors.

Affirmed.

CRIMINAL LAW — POSSESSION OF BURGLARY TOOLS — ELEMENTS — DEPOSITORIES.

MCL 750.116 prohibits the knowing possession of a tool, implement, or device adapted and designed for breaking open any building, room, vault, safe, or other depository to steal property held within; the term "depository" includes motor vehicles.

*Bill Schuette*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Arthur J. Cotter*, Prosecuting Attorney, and *Mark D. Sanford*, Assistant Prosecuting Attorney, for the people.

*Gary L. Kohut* for defendant.

Before: SAWYER, P.J., and WHITBECK and WILDER, JJ.

PER CURIAM. A jury convicted defendant of possession of burglar's tools, MCL 750.116, receiving and concealing stolen property worth $200 or more but less than $1,000, MCL 750.535(4)(a), possession of marijuana, MCL 333.7403(2)(d), and breaking and entering a motor vehicle to steal property worth $200 or more but less than $1,000, MCL 750.356a(2)(b)(*i*). The trial court sentenced defendant to 58 to 240 months in prison as a fourth-offense habitual offender, MCL 769.12, for the conviction of possession of burglar's tools. The trial court also sentenced defendant to 161 days for the other convictions, and he received a jail credit of 161 days. Defendant now appeals and we affirm.

On March 12, 2009, there was a series of thefts involving the breaking and entering of motor vehicles. Each of the vehicles had a smashed window and property stolen from inside. All the thefts occurred in the area of St. Joseph, Michigan. A surveillance camera recorded footage of one of the thefts. The footage showed a black man walking toward one of the victims' cars from a white van. There was something in the man's hands. The police issued a BOLO (be on the lookout) for the white van seen in the surveillance footage. A similar van was spotted parked in front of a motel. The police surrounded the area and saw defendant leave the motel in the white van. The police got a warrant to search defendant's room. Inside the room,

the police found items that belonged to the victims of the thefts and a small bag of marijuana. When the police apprehended defendant, they found a "window punch" on his person, which the police believed was used to break car windows.

Defendant first argues that the trial court impermissibly allowed hearsay testimony when it allowed a victim's wife to testify about the damage to the victim's car and his stolen items. Defendant did not object to the witness's testimony at trial and so did not preserve this issue. Generally, this Court does not review unpreserved issues, but this Court may review unpreserved issues for plain error. MRE 103(d); *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003); *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order to avoid forfeiting an unpreserved error, a defendant has the burden of establishing that the "(1) error occurred, (2) the error was plain, i.e. clear or obvious, and (3) the plain error affected substantial rights." *Jones*, 468 Mich at 355. Here, defendant fails to prove the first prong— that the error even occurred. The witness testified from her own observation of the car after it had been damaged, and she testified from her own knowledge of the value of the victim's stolen items. MRE 801(c) defines hearsay as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The witness was testifying from her own knowledge, not from what her husband had told her. Therefore, there was no hearsay and defendant has failed to show that there was any plain error.

Next, defendant argues that there was insufficient evidence to convict him of possession of burglar's tools because the statute prohibiting their possession does not include a reference to motor vehicles. The statute limits

the list of tools to those used to open "any building, room, vault, safe or other depository . . . ." MCL 750.116. The statute goes on to state that the reason for breaking in must be "to steal therefrom any money or other property . . . ." *Id.* Even though unpreserved, a question of sufficiency of evidence may be reviewed de novo by this Court in a criminal case. *People v Patterson*, 428 Mich 502, 514; 410 NW2d 733 (1987); *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). Review is limited to whether failure to review would deprive the defendant of a fair trial or result in manifest injustice. *Napier v Jacobs*, 429 Mich 222, 233; 414 NW2d 862 (1987) (dicta). The term "depository" is a catchall phrase that includes motor vehicles. When interpreting statutes, this Court looks to the plain meaning of terms unless those terms are defined within the statute. MCL 8.3a; *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008); *People v Lee*, 447 Mich 552, 558; 526 NW2d 882 (1994). The term "depository" is defined as "[a] place where one leaves money or valuables for safekeeping." Black's Law Dictionary (9th ed). Another definition states that a "depository" is "a place where something is deposited or stored, as for safekeeping." *Random House Webster's College Dictionary* (1997). In order to store things safely within a motor vehicle, the average person locks the vehicle and assumes that the contents will be relatively safe. So, in the plain language of the statute, "depository" includes motor vehicles. Because defendant was burglarizing motor vehicles, there was sufficient evidence to convict defendant of the possession of burglar's tools.

Defendant argues that the sentence was excessive in light of the United States Supreme Court's decision in *Blakely v Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004). Under *Blakely*, other than facts about prior convictions, any fact that increases a sentence beyond the statutory maximum must be submit-

ted to a jury. *Id.* at 301-302. Defendant argues that because the trial court sentenced him beyond the maximum sentence authorized for the possession of burglar's tools based on facts that were not submitted to the jury, the trial court violated *Blakely*. First, "*Blakely* does not apply to sentences imposed in Michigan." *People v Endres*, 269 Mich App 414, 423; 711 NW2d 398 (2006), citing *People v Claypool*, 470 Mich 715, 730 n 14; 684 NW2d 278 (2004), *People v Drohan*, 475 Mich 140, 164; 715 NW2d 778 (2006), and *People v Wilson*, 265 Mich App 386, 399; 695 NW2d 351 (2005). Second, even if *Blakely* did apply in Michigan, the extended sentence here was based on defendant's earlier convictions— which is exactly the exception listed in *Blakely*. *Blakely*, 542 US at 301. *Blakely* does not apply here, and defendant's sentence was not excessive.

Defendant also argues that the trial court failed to consider mitigating factors when sentencing him. While defendant maintains that under *Blakely* the trial court is required to review all mitigating factors, we have already established that *Blakely* does not apply to sentencing in Michigan. *Endres*, 269 Mich App at 423. This issue was also not preserved below. Again, this Court may review unpreserved issues for plain error. MRE 103(d); *Jones*, 468 Mich at 355. Defendant burglarized several motor vehicles, and he is an habitual offender with an extensive history of drug abuse. The trial court properly sentenced defendant and properly used its discretion in addressing any possible mitigating factors. The trial court committed no plain error when it reviewed the factors in sentencing defendant. Defendant fails to meet his burden of proof and forfeits this unpreserved issue.

Affirmed.