**COURT OF APPEALS**

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LONNIE JAMES ARNOLD,

      Defendant-Appellant.

UNPUBLISHED
July 28, 2015

No. 320772
Monroe Circuit Court
LC No. 13-040404-FH

Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to consecutive prison terms of 46 months to 15 years for each of his convictions. For the reasons provided below, we affirm.

## I. JUROR CHALLENGE

Defendant first asserts that the trial court abused its discretion when it denied defendant's challenge for cause to excuse Juror 68 and that reversal is required. This Court reviews a trial court's decision regarding challenges for cause for an abuse of discretion. *People v Williams*, 241 Mich App 519, 521; 616 NW2d 710 (2000). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Unger (On Remand)*, 278 Mich App 210, 217; 749 NW2d 272 (2008). Further, we review any factual findings by the trial court for clear error. MCR 2.613(C); *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006).

A criminal defendant has a constitutional right to be tried by a fair and impartial jury. US Const, Am VI; Const 1963, art 1, § 20; *People v Miller*, 482 Mich 540, 547; 759 NW2d 850 (2008). Jurors are presumed to be impartial, and the burden is on the defendant to establish that the juror was not impartial or that the juror's impartiality is in reasonable doubt. *Miller*, 482 Mich at 550. This Court generally defers to the trial court's superior ability to assess a prospective juror's demeanor to determine whether the person would be impartial. *Williams*, 241 Mich App at 522.

In *People v Lee*, 212 Mich App 228, 248-249; 537 NW2d 233 (1995), this Court explained:

-1-

A four-part test is used to determine whether an error in refusing a challenge for cause merits reversal. There must be a clear and independent showing on the record that (1) the court improperly denied a challenge for cause, (2) the aggrieved party exhausted all peremptory challenges, (3) the party demonstrated the desire to excuse another subsequently summoned juror, and (4) the juror whom the party wished later to excuse was objectionable.

Under MCR 2.511(D)(3), a juror is properly challenged for cause if he "shows a state of mind that will prevent the person from rendering a just verdict, or has formed a positive opinion on the facts of the case or on what the outcome should be."

During voir dire, when asked whether he would give a police officer's testimony the same weight, subject to credibility, as any other witness, Juror 68 responded, "I would say that I would probably believe the police officer's testimony over a private citizen." He repeated this belief multiple times. Later, when asked by the prosecutor if he could follow the court's instructions, he responded, "Well, I'd do my best."

When defense counsel challenged the juror for cause, the following exchange occurred:

[*The Prosecutor*]: When [the juror] did answer that way, when I asked him my initial questions, I did follow-up with if the court instructed him that you were to think otherwise, that he would follow the court's instructions.

*THE COURT*: [Juror 68], I know we discussed this on the prior occasion, and this is kind of a brand new go at it, but if you have a police officer testify, and then a lay witness testified, would you give the police officer more benefit of the doubt than the other person?

[*Juror 68*]: I just—I guess overall, my belief is usually, I would believe a police officer over a private citizen, mainly because they're professionals trained, and I would suppose my thinking, that's the way I would look at it. . . .

*THE COURT*: Just—and I'm just gonna use this phrase, just 'cause he's a cop,['] you wouldn't think that automatically what he says is right or true, correct?

[*Juror 68*]: Not automatically, no.

*THE COURT*: So you could hear both sides and then determine who was telling the truth or which witness should be given the greater weight, correct?

[*Juror 68*]: Yeah, I would have to say I could—I could do that, I think.

\* \* \*

*THE COURT*: All right. . . . And I really think [Juror 68] can sit there impartially, and weigh the testimony, and I don't think he's un—or that he's biased in favor of police officers, so I'm gonna deny the challenge for cause.

-2-

Juror 68's somewhat later equivocal statements ("I'd do my best"; "I could do that, I think") were enough to show that he could put his personal beliefs aside and evaluate police officers' credibility the same as other witnesses, we need not address that particular issue because, in any event, defendant failed to establish the other requirements of the *Lee* four-part test. Assuming, without deciding, that defendant established the first two components of the test, he failed to establish the last two. Specifically, defendant never stated to the trial court that he desired to excuse another juror who was objectionable but could not because he was out of preemptory challenges. Consequently, defendant is not entitled to any relief on this issue.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that insufficient evidence was presented to convict him of two counts of assaulting, resisting, or obstructing a police officer. A defendant's challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecutor and determine whether any trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Meshell*, 265 Mich App 616, 619; 696 NW2d 754 (2005). Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). Additionally, this Court should not interfere with the factfinder's role of determining the weight of evidence or the credibility of witnesses. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

The required elements to establish criminal liability for assaulting, resisting, or obstructing, a police officer under MCL 750.81d(1) are "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). In arguing that there was insufficient evidence, defendant claims that there was no evidence that he obstructed the officers "in any way by blocking . . . with one or more obstacles or by making their progress difficult or by blocking their clear view of something." However, in doing so, defendant ignores the statutory definition of "obstruct," which "includes the use or threatened use of physical interference or force *or a knowing failure to comply with a lawful demand*." MCL 750.81d(7)(a) (emphasis added).

When viewed in the light most favorable to the prosecution, there was sufficient evidence for a jury to convict defendant of obstructing both Detective Sergeant Christopher Miller and Detective John Schiappacasse. There was evidence that Miller and Schiappacasse, along with other police officers, went to the trailer home where defendant was residing on January 24, 2013. Miller testified that he and Schiappacasse saw defendant climbing out of the bedroom window of the trailer, identified themselves as police officers, and told defendant to stop and not to move. Particularly, Miller told defendant, "Stop where you are, do not move." Schiappacasse testified that he also told defendant to stop and that he was under arrest. At that point, defendant ignored the orders and climbed back into the home, which resulted in Miller tasering defendant. Further, after Miller tasered defendant, Miller testified that defendant pulled out the taser wires and

continued to head to the bedroom door, where he was tackled by another police officer. Accordingly, viewed in a light most favorable to the prosecution, there was sufficient evidence for a jury to find beyond a reasonable doubt that defendant knowingly failed to comply with Miller's and Schiappacasse's lawful demands to stop, thereby resisting or obstructing them. To the extent defendant argues that his testimony was more credible than that of Miller's and Schiappacasse's, this Court will not interfere with the factfinder's role of determining the weight of evidence or the credibility of witnesses. *Eisen*, 296 Mich App at 331.

### III. DOUBLE JEOPARDY

Defendant next argues that his convictions violate his constitutional protections against double jeopardy. Because defendant never raised the issue of double jeopardy at the trial court, the issue is not preserved. *Meshell*, 265 Mich App at 628. We review unpreserved constitutional issues for plain error affecting a defendant's substantial rights. *Carines*, 460 Mich at 764.

The Double Jeopardy Clauses of the United States Constitution and Michigan Constitution protect against multiple punishments for the same offense. *People v Ford*, 262 Mich App 443, 447-448; 687 NW2d 119 (2004). However, "double jeopardy does not apply to crimes committed against different victims, even if the crimes occurred during the same criminal transaction." *People v Hall*, 249 Mich App 262, 272; 643 NW2d 253 (2002). As indicated previously, defendant assaulted, resisted, or obstructed Detective Miller and Detective Schiappacasse as they both ordered defendant to stop and not to move, but defendant disobeyed their lawful demands anyway. Thus, defendant committed crimes against two different victims, and double jeopardy is not implicated. *Hall*, 249 Mich App at 272; see also *People v Wakeford*, 418 Mich 95, 112; 341 NW2d 68 (1983) (holding that a "single offense" of larceny can still give rise to multiple convictions under armed robbery statute if there are multiple victims).

Furthermore, defendant's related claim that his trial counsel was ineffective by failing to raise this issue of double jeopardy at the trial court is without merit, as counsel is not ineffective for failing to raise a futile objection. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

### IV. SCORING OF OFFENSE VARIABLE 13

Defendant next asserts that the trial court erred when it assessed 25 points to Offense Variable (OV) 13 and that it engaged in judicial fact finding that increased his minimum and maximum sentences, thus violating his Sixth Amendment right.

The trial court's factual determinations under the sentencing guidelines are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

OV 13 addresses a defendant's continuing pattern of criminal behavior. MCL 777.43(1). OV 13 is properly assessed 25 points when the sentencing offense was a part of a pattern of felonious criminal activity involving three or more crimes against a person. MCL 777.43(1)(c). In determining the score under OV 13, all crimes within a five-year period, including the

sentencing offense, must be counted, regardless whether the offense resulted in a conviction. MCL 777.43(2)(a).

At sentencing, in determining that defendant was involved with three or more crimes against a person, the court relied on the two resisting/obstructing convictions from the instant case plus another instance of resisting/obstructing a police officer from a different day. This other instance never was tried. However, at the sentencing hearing, the court took testimony from Miller, who explained that on January 21, 2013, which was three days before the events of the instant case, he was aware of an arrest warrant for defendant. After seeing defendant walk out of his house and get into his truck, Miller parked his vehicle behind defendant's truck, approached the truck, and identified himself as a police officer to defendant. Miller testified that he was wearing a Monroe Police Department coat with police insignia on the left breast pocket of his coat. Miller also stated that he was wearing a Monroe Police Department Badge. Miller told defendant to exit the vehicle, and defendant initially complied. However, when Miller told defendant that he was under arrest and to place his hands on the vehicle, "a struggle ensued," and defendant pushed away from the truck and ran away.

Accordingly, the trial court did not clearly err in finding that a preponderance of the evidence showed that defendant resisted or obstructed Miller on January 21, 2013. The January 21 incident plus the two incidents in the instant case result in a total of three instances of resisting/obstructing police officers in violation of MCL 750.81d(1). As this crime is a crime against a person, MCL 777.16d, and OV 13 does not require that the offenses actually result in a conviction, MCL 777.43(2)(a), the trial court's decision to score OV 13 at 25 due to defendant having a pattern of felonious criminal activity involving three or more crimes against a person was proper.

Regarding defendant's argument that the trial court engaged in impermissible judicial fact finding that raised the maximum and minimum sentence at sentencing, the issue is unpreserved because defendant never raised the issue at the trial court. Therefore, our review is for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 764.

Defendant contends that trial court impermissibly relied on defendant's January 21, 2013, instance of assaulting, resisting, or obstructing a police officer, which acted to increase defendant's maximum sentence in violation of the Sixth Amendment right to a trial by jury. He claims that the statutory maximum sentence for assaulting, resisting, or obstructing a police officer is two years pursuant to MCL 750.81d(1) and that defendant's maximum sentence of 15 years is beyond the statutory maximum. However, defendant's argument is misplaced, as the maximum sentence of two years set forth in MCL 750.81d(1) is for a first conviction. Defendant fails to recognize that he was sentenced as a fourth habitual offender under MCL 769.12. MCL 769.12(1)(c) elevates the maximum punishment for assaulting, resisting, or obstructing a police officer to 15 years. Because the trial court sentenced defendant to a maximum sentence of 15 years, the trial court did not impose a maximum sentence *beyond* the statutory maximum. As a result, the trial court was permitted to utilize judicially ascertained facts to fashion defendant's sentence. See *People v Drohan*, 475 Mich 140, 164; 715 NW2d 778 (2010) (stating that "[a]s long as the defendant receives a sentence within that statutory maximum, a trial court may utilize judicially ascertained facts to fashion a sentence within the range authorized by the jury's

verdict"). Therefore, defendant's Sixth Amendment right was not violated, and no error occurred.

Defendant also contends that the trial court engaged in fact finding that increased the floor of defendant's permissible sentence because the minimum sentence was determined on the basis of facts not proven to the jury beyond a reasonable doubt in violation of the Sixth Amendment. However, this Court has held that Michigan's sentencing scheme "does not establish a *mandatory minimum*; therefore, the exercise of judicial discretion guided by the sentencing guidelines scored through judicial fact-finding does not violate due process or the Sixth Amendment right to a jury trial." *People v Herron*, 303 Mich App 392, 403-404; 845 NW2d 533 (2013). Even though *Herron* has been appealed to our Supreme Court, we are nonetheless bound to follow that decision. MCR 7.215(J)(1). Thus, defendant has not established any plain error.

## V. CONSECUTIVE SENTENCING

Defendant next argues that he is entitled to resentencing for a variety of reasons. But because none of the arguments raised on appeal was raised at sentencing, in a motion for resentencing, or in a motion to remand, the issues are unpreserved. *People v Loper*, 299 Mich App 451, 456; 830 NW2d 836 (2013), citing MCL 769.34(10). Accordingly, our review is for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

Defendant first argues that the trial court should have, consistent with federal law, considered various mitigating factors, such as defendant's mental health and substance abuse histories, his family support, his remorse, and his rehabilitative potential when determining his sentences. However, this Court has held that a trial court is not required to consider a defendant's mental health and substance abuse histories, a defendant's family support, or a defendant's remorse at sentencing. *People v Johnson*, ___ Mich App ___; ___ NW2d ___ (Docket No. 317206, issued January 15, 2015), slip op, p 7, vac'd in part on other grounds ___ Mich ___ (Docket No. 150936, order entered June 12, 2015); see also *People v Osby*, 291 Mich App 412, 416; 804 NW2d 903 (2011). Therefore, no error occurred when the trial court failed to consider mitigating factors.

Defendant also argues that the trial court should have explained on the record why it sentenced defendant to a maximum of 15 years' imprisonment. "A trial court must articulate its reason for imposing a sentence on the record at the time of sentencing." *People v Conley*, 270 Mich App 301, 312; 715 NW2d 377 (2006). "The articulation requirement is satisfied if the trial court expressly relies on the sentencing guidelines in imposing the sentence or if it is clear from the context of the remarks preceding the sentence that the trial court relied on the sentencing guidelines." *Id.* Here, it is clear from the context of the remarks preceding sentencing that the trial court relied on the sentencing guidelines as the trial court went through the entire PSIR with the parties prior to sentencing, and the trial court stated that it would not depart from the guidelines in this case, despite the prosecution's request to depart above the recommended guidelines range. Because it is clear from the context of the remarks preceding sentencing that the trial court relied on the sentencing guidelines, the trial court satisfied the articulation requirement, and no error occurred.

Defendant also argues that the trial court failed to articulate how defendant's sentences were proportionate to the offense. However, a trial court is not required to articulate why a defendant's sentence is proportionate when it is within the guidelines range because the sentence is presumptively proportionate. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). In the instant case, defendant's minimum sentence of 46 months was within the guidelines range of 7 to 46 months. As a result, the trial court was not required to articulate why defendant's sentences were proportionate. In any event, the trial court did articulate how defendant's sentences were proportionate to the offense. At sentencing, the trial court addressed defendant's lengthy criminal history. The trial court also indicated that defendant had previously been before it on prior occasions regarding other matters, particularly instances involving violations of probation. The trial court discussed that defendant "shows no promise for rehabilitation," that the trial court had "played ball" with defendant, and that the trial court had previously given defendant the benefit of the doubt. Ultimately, the trial court stated, "I have to admit though, because I find Probation's recommendation to be fair, it is proportionate, it is for the protection of society." Therefore, defendant's argument is without merit as the trial court did articulate on the record why defendant's sentences were proportionate.

Defendant also cursorily argues that the trial court erred by sentencing defendant to consecutive sentences. Defendant's total argument was put forth as, "Further, given the double jeopardy issues raised [previously], it is clear that the court abused its discretion in imposing consecutive sentences, as permitted but not required by MCL 750.81d(6)." Because MCL 750.81d(6) provides that a sentence imposed for a violation of assaulting, resisting, or obstructing a police officer may run consecutively to any term of imprisonment imposed for another violation arising from the same transaction and because, contrary to defendant's argument, double jeopardy was not violated and two convictions were proper, the trial court did not abuse its discretion in sentencing defendant to consecutive prison terms.

Defendant also argues that the trial court was required to conduct an assessment of defendant's rehabilitative potential. However, in *Johnson*, this Court concluded that "there is no requirement for a trial court to conduct a detailed assessment of defendant's rehabilitative potential." *Johnson*, ___ Mich App at ___ (slip op at 7). Subsequently, no error occurred when the trial court did not conduct an assessment of defendant's rehabilitative potential.

Defendant also claims that counsel was ineffective for failing to raise any of the sentencing issues mentioned above. As discussed, no errors occurred regarding the sentencing issues, and any objection would have been meritless. Accordingly, defendant cannot show how counsel was ineffective. See *Ericksen*, 288 Mich App 201 ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

Affirmed.

/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello

-7-