# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GERALD EUGENE DENNIS, JR.,

        Defendant-Appellant.

UNPUBLISHED
December 8, 2015

No. 321334
Wayne Circuit Court
LC No. 12-008223-FC

Before: RONALYNE KRAUSE, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by right his conviction of second-degree murder, MCL 750.317. The trial court sentenced defendant to 16 to 30 years' imprisonment. We affirm.

Defendant, his sister, Deborah Seifert, Jamill Jenkins and Jill Kramer lived together in Lincoln Park, Michigan. Defendant, Seifert, and Jenkins used cocaine on one particular evening, while Kramer went to sleep. When Kramer awoke the next morning, she found Seifert lying on her back, with blood in the area of her right eye and mouth. Blunt-force injuries to her head resulted in 10 lacerations all over her head and face. Her head had been "flattened." Lincoln Park Police officers responded to the scene and gathered evidence, including a black metal bar covered with hair and blood they found in the backyard area of the house. Furthermore, police officers found a vehicle car jack, which complemented the black metal bar, in defendant's bedroom.

At the police station, defendant gave conflicting statements to the police, initially claiming that Jenkins was responsible for the murder. Eventually, however, defendant admitted to the murder. DNA testing was conducted on various pieces of evidence, including swabs collected from blood found on defendant's face and left arm. The testing revealed that while defendant was the overwhelming source of DNA from the samples, Seifert could not be excluded as a possible contributor.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to prove beyond a reasonable doubt that he committed second-degree murder because the evidence presented did not directly link him to the murder. We disagree.

-1-

Claims of insufficiency of the evidence are reviewed de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). We view the evidence in "the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Id.* Furthermore, "a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

To prove second-degree murder, the prosecution must prove beyond a reasonable doubt: "(1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death." *People v Smith*, 478 Mich 64, 70; 731 NW2d 411 (2007). Furthermore, "identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). "Circumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove the elements of a crime." *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999).

Here, the prosecution provided sufficient evidence—both direct and circumstantial—to prove beyond a reasonable doubt the element of identity. Defendant told police officers that he had committed the murder. This piece of direct evidence sufficiently establishes defendant as the murderer. Yet, the prosecution presented additional circumstantial evidence to tie defendant to the murder. Police officers found a metal bar with Seifert's blood and hair on it in the backyard—a metal bar that was part of a vehicle jack that was found in defendant's bedroom. The DNA from blood samples recovered from defendant's face and left hand was potentially traceable to Seifert. Jenkins, on the other hand, could be dismissed as a suspect, as his clothes tested negative for blood. While Jenkins's T-shirt found in the basement was bloody, analysis proved that it was Jenkins's blood, and his story regarding the bloody T-shirt was consistent with his getting stabbed months before the night Seifert was murdered. Viewed in the light most favorable to the prosecution, we find sufficient evidence was presented to prove beyond a reasonable doubt all the elements of second-degree murder, including the element of identity.

## II. CONSTITUTIONALITY OF PUNISHMENT

Defendant argues that a 16-to-30-year sentence for a mentally- and physically-ill individual with no previous criminal history is cruel or unusual under the Michigan Constitution, and cruel and unusual under the United States Constitution. We disagree.

Although defense counsel requested that defendant be sentenced at the low end of the sentencing guidelines range, he did not specifically object that the sentence imposed was cruel and/or unusual. Therefore, this issue is unpreserved and our review is limited to plain error affecting substantial rights. *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013).

Plain error analysis requires three findings: 1) error, 2) that is plain, 3) which affects substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error affects substantial rights when it causes prejudice, i.e., "the error affected the outcome of the lower court proceedings." *Id.* Once the three findings for plain error are met, "reversal is warranted only when the plain . . . error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763 (citation and quotation marks omitted).

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Furthermore, Article 1, Section 16 of the Michigan Constitution of 1963 similarly provides that "[e]xcessive bail shall not be required; excessive fines shall not be imposed; cruel or unusual punishment shall not be inflicted; nor shall witnesses be unreasonably detained." If a punishment does not violate the state constitution, then it necessarily will not violate the Eighth Amendment. *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011). Furthermore, a sentence that is within the guidelines range is presumed to be proportionate, and a proportionate sentence is not cruel or unusual. *Bowling*, 299 Mich App at 558.

Here, defendant's minimum sentence of 16 years falls squarely within the sentencing guidelines range. As defendant's sentence is within the sentencing guidelines range, the sentence is presumptively proportionate, and accordingly, "is not cruel or unusual." *Id.* Defendant's argument also specifically stresses that his mental illness should have been a factor in the imposition of his sentence. The record reflects that the trial court carefully considered defendant's mental condition in determining a proportionate sentence to impose. Defendant has not established plain error on the basis that the trial court imposed a sentence greater than defendant desired. See *People v Osby*, 291 Mich App 412, 416; 804 NW2d 903 (2011); *People v Nunez*, 242 Mich App 610, 618; 619 NW2d 550 (2000). Accordingly, defendant's sentence is not cruel or unusual under either the Michigan or the United States Constitutions.

We affirm.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Michael J. Kelly

-3-