# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 27, 2016

v

No. 328931
Muskegon Circuit Court
LC No. 14-065609-FC

CHRISTOPHER MICHAEL ABBEY,

Defendant-Appellant.

Before: BORRELLO, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by right his conviction of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(a) (victim was under 13 years of age). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 25 to 38 years' imprisonment. We affirm.

This case arises from an incident that occurred sometime between July 2011 and March 2013. At trial, eight-year-old KW testified that defendant, her mother's husband, put his "weenie" in "the hole" of her butt. In September 2014, after KW and her siblings had been removed from the care of her mother and defendant, KW disclosed the incident to her foster mother, Laura Brink. KW tested positive for chlamydia.

Defendant argues that the trial court's imposition of a sentence of imprisonment of from 25 to 38 years, based on MCL 750.520b(2)(b) and the fourth-offense habitual offender statute, MCL 769.12, was unconstitutional because it was unreasonable and precluded consideration of any mitigating circumstances. We disagree.

"Constitutional questions are reviewed de novo." *People v Shafier*, 483 Mich 205, 211; 768 NW2d 305 (2009). Here, however, defendant did not preserve this issue by objecting at trial or sentencing; consequently, we review it for plain error. *Id*. Defendant may obtain relief only if "(1) error . . . occurred, (2) the error was plain, i.e., clear or obvious, (3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal based on plain error is only warranted where "the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of the defendant's innocence." *Id*. (citation, quotation marks, and brackets omitted).

-1-

MCL 750.520b(2)(b) provides that first-degree CSC is punishable "[f]or a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years." Accordingly, the trial court sentenced defendant to a minimum of 25 years' imprisonment.

MCL 769.34(2)(a), a portion of Michigan's sentencing guideline scheme, provides in pertinent part that "[i]f a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute. Imposing a mandatory minimum sentence is not a departure under this section. . . ." Statutory mandatory minimum sentences are presumptively proportionate and valid. *People v Williams*, 189 Mich App 400, 403-404; 473 NW2d 727 (1991). This Court has held that MCL 750.520b(2)(b)'s mandatory minimum does not violate Michigan's ban on cruel or unusual punishment. *People v Benton*, 294 Mich App 191, 204-207; 817 NW2d 599 (2011).

Defendant argues that his sentence, specifically the 25-year minimum, should be reviewed for procedural and substantive reasonableness under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). In *Lockridge*, our Supreme Court held that Michigan's mandatory sentencing guidelines were unconstitutional because they allowed defendants' minimum sentences to be increased based on facts found by a judge rather than by a jury beyond a reasonable doubt as the Sixth Amendment requires. *Id.* at 387-389. Accordingly, our Supreme Court ruled that the sentencing guidelines would thereafter be advisory, not mandatory, and that departures from the sentencing guidelines would be reviewed on appeal for reasonableness. *Id.* at 391-392. When reviewing for reasonableness, this Court follows the principles set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), assessing whether the sentence given is proportionate to the offender and to the seriousness of the crime. *People v Steanhouse*, 313 Mich App at 1, 47-48; 880 NW2d 297 (2015).

*Lockridge* mandates that this Court review *departures* from the sentencing guidelines for reasonableness, *Lockridge*, 498 Mich at 364, but defendant's sentence is not a departure. Because MCL 750.520b(2)(b) requires a minimum term of 25 years when a sentence of a term of years is imposed, defendant's mandatory minimum sentence is not a departure from the sentencing guidelines. MCL 769.34(2)(a).

Further, no unconstitutional judicial fact-finding was necessary in this case to determine the ages of the defendant and the victim under the sentencing portion of the CSC statute, MCL 750.520(2)(b). See *Lockridge*, 498 Mich at 373-374. At trial, testimony was elicited that established defendant was over age 17 and the victim was under age 13 at the time of the incident. The trial court found defendant guilty of first-degree CSC under MCL 750.520b(1)(a) and, therefore, necessarily found that defendant was over 17 and KW was under 13, satisfying MCL 750.520b(2)(b). Because judicial fact-finding did not occur at sentencing, and defendant waived his right to trial by jury, defendant is not entitled to resentencing on the basis of his Sixth Amendment right to a jury trial. See *Lockridge*, 498 Mich at 373-374.

Defendant cannot demonstrate that the trial court committed plain error by imposing the mandatory minimum 25-year sentence required by statute. The statutory minimum sentence is presumptively proportionate to the harm committed, *Williams*, 189 Mich App at 403-404, and does not violate Michigan's prohibition on cruel or unusual punishment, *Benton*, 294 Mich App

at 206-207. The trial court's imposition of the sentence also did not involve impermissible judicial fact-finding and cannot be considered plain error. *Lockridge*, 498 Mich at 393, 397.

Further, defendant argues that the trial court's failure to consider mitigation evidence renders defendant's sentence unconstitutional; however, the trial court was not required to consider mitigating factors when it sentenced him. *People v Johnson*, 309 Mich App 22, 34-35; 866 NW2d 883 (2015), rev'd in part on other grounds 497 Mich 1042 (2015); *People v Osby*, 291 Mich App 412, 416; 804 NW2d 903 (2011). Defendant cannot demonstrate plain error by the trial court's failure to consider defendant's mitigating circumstances because the trial court was not required to do so. *Johnson*, 309 Mich App at 34-35.

Defendant also argues that the trial court committed plain error when it assessed 10 points for offense variable (OV) 4 rather than zero points. We disagree. Defendant failed to preserve this issue for appeal, and, therefore, we review this issue for plain error as well.

For OV 4, MCL 777.34(1)(a) provides that 10 points should be assessed if "[s]erious psychological injury requiring professional treatment occurred to a victim." If no serious psychological injury requiring professional treatment occurred to a victim, then zero points should be assessed for OV 4. MCL 777.34(1)(b). The fact that treatment has not been sought is not conclusive, MCL 777.34(2), but the record must contain some evidence of psychological injury to justify the assessment of points. *People v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012). Evidence of the victim's "personality changes, anger, fright, or feelings of being hurt, unsafe, or violated" supports an assessment of 10 points for OV 4. *People v Schrauben*, 314 Mich App 181, 197; 886 NW2d 173 (2016) (citation omitted).

In the present case, Brink's testimony at trial established that the victim endured personality changes and feelings of anxiety. Brink testified that KW had become "quite anxious, disconnected, [and] withdraw[n]" which was odd for KW, who "was usually a very . . . attention seeking type of a girl so for her to, you know, kinda wanna be alone, isolated, not real talkative that was unusual for her." Brinks also identified an out-of-character incident wherein KW purposefully lost a lunch bag and "had several different stories" about what had happened to it. Finally, Brinks testified that it was her belief that KW vomited on the morning she disclosed the incident to Brinks not because of sickness, but because of KW's emotional state. When KW disclosed the incident to Brinks, KW was very anxious and told Brinks that she "ha[d] pictures that [were] happening in [her brain] about things that have happened before." KW was interviewed by a therapist at the Child Abuse Council in the course of the investigation of her disclosure. Based on this record, the trial court properly assessed 10 points for OV 4 because KW suffered personality changes and anxiety as a result of the incident. *Id.* Therefore, defendant's OV 4 score did not constitute plain error. *Lockridge*, 498 Mich at 392-393.

Defendant further argues that his score for OV 4 constituted improper judicial fact-finding in violation of *Lockridge*. We agree.

"A *Lockridge* error is not structural error, and thus, must be reviewed for harmless error." *People v Stokes*, 312 Mich App 181, 198; 877 NW2d 752 (2015), citing *Lockridge*, 498 Mich at 392 n 29; see also *People v Terrell*, 312 Mich App 450, 464; 879 NW2d 294 (2015) (holding that preserved *Lockridge* error is reviewed to determine if it was harmless beyond a reasonable

doubt). But in this case, because defendant did not preserve his *Lockridge* challenge, our review is for plain error affecting substantial rights. *Lockridge*, 498 Mich at 392-393. Applying that test, "all defendants (1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure can establish a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Id.* at 395. Here, the trial court—the trier of fact in defendant's bench trial—made no findings of fact that KW received a serious psychological injury requiring professional treatment. Similarly, defendant did not admit that KW received a serious psychological injury requiring professional treatment. Ten points for OV 4 were, therefore, assessed based on impermissible judicial fact-finding. However, when a trial court imposes a sentence "that [does] not rely on the minimum sentence range from the improperly scored guidelines . . . the defendant cannot show prejudice from any error in scoring the OVs in violation of *Alleyne*." *Lockridge*, 498 Mich at 394. Although the guidelines range of 108 to 360 months was calculated on the basis of judicial fact finding, the trial court sentenced defendant according to MCL 750.520b(2)(b), which requires a minimum sentence of 25 years. Because the guidelines did not apply or affect his sentencing, defendant cannot demonstrate that judicial fact-finding in scoring OV 4 was plain error affecting defendant's substantial rights. *Lockridge*, 498 Mich at 365, 392-394; *Carines*, 460 Mich at 763-764.

Defendant also summarily argues that he received ineffective assistance of counsel at trial because defense counsel failed to object to defendant's sentence. As defendant failed to provide any argument or legal citation as to this issue, it is abandoned. *People v Ackerman*, 257 Mich App 434, 450; 669 NW2d 818 (2003). Moreover, for the reasons discussed above, defendant cannot establish that counsel's failure to object at sentencing prejudiced him. *Id.* at 455 (holding that to establish ineffective assistance of counsel, "a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability that the outcome of the proceeding would have been different but for trial counsel's errors.").

We affirm.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Jane E. Markey

-4-