*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEMETRUS LEDDELL MAGEE,

        Defendant-Appellant.

UNPUBLISHED
December 19, 2019

No. 344092
Oakland Circuit Court
LC No. 2017-265003-FC

Before: RIORDAN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction for possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was sentenced to five years' imprisonment for the felony-firearm, second offense, conviction. We affirm.

## I. RELEVANT FACTUAL BACKGROUND

This case arises out of a shooting that occurred on September 23, 2017, at the corner of Marshall Street and Lois Lane in Pontiac, Michigan. On that date, defendant was involved in a verbal altercation with the victims of the shooting, Darnell Carter and Intissar Joseph Nehme. At some point, the altercation escalated and defendant shot Carter and Nehme. At trial, there was conflicting testimony as to the manner in which the shooting began. Defendant testified that he was not in possession of a firearm when the altercation began and retrieved a firearm only after Carter and Nehme threatened him. Defendant also testified that he shot Carter and Nehme in self-defense after Carter brandished a firearm and Nehme shot at him. Defendant's testimony was corroborated by his girlfriend, Sylvia Garcia. Conversely, three individuals that witnessed the altercation testified that neither Carter nor Nehme threatened defendant with a firearm nor shot at defendant. Moreover, an expert witness examined the bullet shell casings found at the scene of the shooting and opined that only one firearm was discharged during the altercation. As a result of the shooting, Carter and Nehme sustained serious injuries but ultimately survived.

## II. JURY INSTRUCTION

Defendant first argues that the trial court erred in failing to instruct the jury as to self-defense concerning the felon-in-possession and felony-firearm charges. However, we conclude defendant has waived his argument by not only failing to object to the jury instructions, but by expressly agreeing to them.

"Claims of instructional error are generally reviewed de novo by this Court, but the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). However, a waiver is the intentional relinquishment or abandonment of a known right. *People v Kowalski*, 489 Mich 488, 504 n 27; 803 NW2d 200 (2011). "A defendant waives an issue by expressly approving of the trial court's action." *People v Miller*, 326 Mich App 719, 726; 929 NW2d 821 (2019) (citation omitted). "A defendant may waive his or her challenge to jury instructions." *Id*. (citation omitted). When the trial court asks whether a party has any objections to the jury instructions and the party responds negatively, it is an affirmative approval of the trial court's instructions and waiver occurs. *Id*. "Waiver extinguishes any error, leaving nothing for this Court to review." *Id*. (citation omitted).

At trial, defense counsel expressly affirmed that he had no objections to the trial court's jury instructions despite the trial court's failure to include a jury instruction for self-defense after instructing the jury as to felon-in-possession and the accompanying count of felony-firearm. After the trial court instructed the jury as to all six counts and affirmative defenses, the trial court asked, "[a]re there any changes or corrections to the instructions as read?" Defense counsel responded, "[o]n behalf of Mr. Magee, satisfied, Your Honor." Because defense counsel responded to the trial court's inquiry by stating that he had no objections to the jury instructions as read, defense counsel explicitly approved of the trial court's instructions. Therefore, defendant has waived this issue on appeal.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that the evidence presented at trial was insufficient to support defendant's jury conviction for felony-firearm. We disagree.

Questions regarding the sufficiency of the evidence are reviewed de novo. *People v Osby*, 291 Mich App 412, 415; 804 NW2d 903 (2011). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor." *People v Bosca*, 310 Mich App 1, 16; 871 NW2d 307 (2015), application for leave to appeal held in abeyance 911 NW2d 465 (2018) (citation and quotation marks omitted). "[T]he question on appeal is whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *Id*. (citation and quotation marks omitted). All conflicts in the evidence must be resolved in favor of the prosecution and an appellate court will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses. *Id*. "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (citation and quotation marks omitted). To evaluate the sufficiency of the evidence,

appellate courts must review the evidence in the context of the elements of the charged crimes. *Id*. at 17.

The elements of felony-firearm are that (1) the defendant possessed a firearm, (2) during the commission of, or the attempt to commit, a felony. *People v Muhammad*, 326 Mich App 40, 61; 931 NW2d 20 (2018). Defendant was charged with felon-in-possession as the predicate offense to felony-firearm. The elements of felon-in-possession are that (1) the defendant is a felon, (2) who possessed a firearm before his right to do so was formally restored under Michigan law. *People v Bass*, 317 Mich App 241, 267-268; 893 NW2d 140 (2016). Although felony-firearm requires the presence of a predicate felony offense, the jury need not actually convict a defendant of the predicate offense in order to convict a defendant of felony-firearm. *People v McKewen*, 326 Mich App 342, 354; 926 NW2d 888 (2018), application for leave to appeal held in abeyance 924 NW2d 578 (2019). "[I]n the compound-felony setting, the jury is fully instructed on the elements of both offenses and is therefore aware that conviction of a compound felony is logically inconsistent with acquittal of the predicate felony." *Id*. If the jury nevertheless chooses to enter inconsistent verdicts, it may do so, and that conviction will stand. *Id*. "[T]he mercy-dispensing power of the jury may serve to release a defendant from some of the consequences of his act without absolving him of all responsibility." *Id*. at 355 (citation omitted).

At trial, the prosecution presented evidence that defendant possessed a firearm. Several witnesses testified that defendant possessed a firearm during the altercation with Carter and Nehme, and used the firearm to shoot Carter and Nehme. Accordingly, the prosecution presented evidence such that a jury could find beyond a reasonable doubt that this element was met.

The prosecution also presented evidence that defendant possessed a firearm during the commission, or attempted commission, of felon-in-possession. Specifically, the prosecution presented evidence that defendant was a felon at the time he possessed a firearm. The parties stipulated to defendant's prior felony convictions. The prosecution informed the jury that the parties stipulated to defendant's unspecified prior felony convictions and provided the stipulation to the jury in writing as an exhibit. Thus, the prosecution presented evidence such that the jury could find beyond a reasonable doubt that defendant was a felon at the time he possessed a firearm.

Furthermore, sufficient evidence was presented that defendant possessed a firearm before his right to do so was formally restored under Michigan law. Defendant testified that he knew he was not permitted to possess any firearms. Additionally, as previously stated, the parties stipulated as to defendant's prior felony convictions. Thus, the prosecution presented sufficient evidence such that the jury could find beyond a reasonable doubt that defendant possessed a firearm before his right to do so was formally restored under Michigan law.

We conclude that because the prosecution presented evidence at trial such that the jury could find that both elements of felony-firearm were met beyond a reasonable doubt, there was sufficient evidence to convict defendant of felony-firearm. Furthermore, because the jury need not convict defendant of a predicate offense in order to convict defendant of felony-firearm, the jury's decision to acquit defendant of felon-in-possession does not render its verdict

impermissibly inconsistent. *McKewen*, 326 Mich App at 354. Accordingly, contrary to his position on appeal, defendant was not denied due process of law.

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens