PEOPLE v ANDERSON

Docket No. 102587. Submitted January 9, 1989, at Lansing. Decided
November 6, 1989. Leave to appeal applied for.

Thomas Lee Anderson was convicted by an Ingham Circuit Court
jury of possession with intent to deliver of more than 225
grams but less than 650 grams of a mixture containing cocaine.
At the time of defendant's sentencing, the controlled substances
provisions of the Public Health Code relevant to his offense
mandated imprisonment for not less than twenty years nor
more than thirty years. The court, Carolyn Stell, J., imposed a
sentence of twenty to thirty years of imprisonment. Subse-
quently, the controlled substances act was amended to reduce
the mandated minimum term for an offense such as defen-
dant's to no more than ten years and to give sentencing courts
discretion to depart from the mandated minimum where there
are substantial and compelling reasons for doing so. Defendant
appealed, arguing that his sentence was cruel and unusual
punishment.

The Court of Appeals *held:*

1. The mandatory twenty-year minimum sentence for this
offense was not cruel and unusual punishment.

2. The sentencing judge sufficiently articulated on the record
her reasons for imposing the maximum punishment allowed
under the statute and the sentence does not shock the con-
science of this Court.

Affirmed.

MICHAEL J. KELLY, J., dissented. He disagreed with the
majority's conclusion that the sentencing judge stated her
belief that the mandatory sentence was an appropriate sen-
tence in this case. He would remand for a resentencing.

CRIMINAL LAW — SENTENCING — CONTROLLED SUBSTANCES — CONSTI-
TUTIONAL LAW — CRUEL AND UNUSUAL PUNISHMENT.

The mandatory twenty-year minimum sentence for possession

REFERENCES

Am Jur 2d, Criminal Law §§ 539, 589-591, 626, 629.
See the Index to Annotations under Drugs and Narcotics; Sentence
and Punishment.

with intent to deliver of between 225 and 650 grams of a mixture containing cocaine, which minimum sentence was later reduced to ten years by an amendment to the controlled substances provisions of the Public Health Code that also gave sentencing courts discretion to depart from the mandated minimum where substantial and compelling reasons exist for doing so, did not constitute cruel and unusual punishment (MCL 333.7401[2][a][ii]; MSA 14.15[7401][2][a][ii]; 1987 PA 275).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz*), for defendant on appeal.

Before: GRIBBS, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

GRIBBS, P.J. Following a jury trial, defendant was convicted of possession with intent to deliver of more than 225 grams but less than 650 grams of a mixture containing cocaine, MCL 333.7401(1) and (2)(a)(ii); MSA 14.15(7401)(1) and (2)(a)(ii). At the time of defendant's conviction, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii) provided for a minimum term of twenty years in prison for this crime. Defendant was sentenced to a term of twenty to thirty years. The statute was subsequently amended to lower the mandatory minimum prison term for this offense to ten years, and to give the sentencing court discretion to depart from the minimum sentence requirement where there are substantial and compelling reasons to do so. MCL 333.7401(2)(a)(ii) and (4); MSA 14.15(7401)(2)(a)(ii) and (4), as amended by 1987 PA 275.

On appeal as of right, defendant argues that his

twenty- to thirty-year sentence constitutes cruel and unusual punishment. We do not agree.

Several panels of this Court have concluded that the mandatory sentencing scheme of MCL 333.7401; MSA 14.15(7401), prior to its amendment, was constitutional. See *People v Regelin,* 178 Mich App 128; 443 NW2d 436 (1989); *People v Leighty,* 161 Mich App 565, 583; 411 NW2d 778 (1987), lv den 430 Mich 895 (1988); *People v Matthews,* 143 Mich App 45, 64; 371 NW2d 887 (1985); *People v Ward,* 133 Mich App 344, 357; 351 NW2d 208 (1984); *People v Harman,* 124 Mich App 93, 98; 333 NW2d 591 (1983), lv den 417 Mich 1100.45 (1983); *People v Puertas,* 122 Mich App 626, 630; 332 NW2d 399 (1983), lv den 417 Mich 1056 (1983); *People v Kaigler,* 116 Mich App 567, 572-573; 323 NW2d 486 (1982). We remain convinced that the statutory provisions are constitutionally permissible.

We are, of course, aware that one panel of this Court has held that resentencing under the amended statute was required where a defendant was sentenced to the twenty-year mandatory minimum sentence for possession of 225 to 650 grams of a mixture containing cocaine prior to the amendment. *People v Schultz,* 172 Mich App 674; 432 NW2d 742 (1988), lv gtd 432 Mich 891 (1989). We note that our Supreme Court has granted leave to determine whether this Court erred by ordering resentencing.

Moreover, in this case, unlike in *Schultz,* the sentencing judge clearly stated her belief that the mandatory sentence was "an appropriate sentence in this individual case." The dissent suggests that the lower court felt constrained by the mandatory twenty-year sentence and would have reduced defendant's sentence but for the statute. The sen-

tencing judge anticipated such reasoning and said considerably more than is quoted by the dissent:

> Thank you. It's the Court's belief that the sentence is mandatory and that I have no discretion, despite the law cited to the Court. In light of that, it would seem to me that findings on factors determinative of sentencing were really not necessary.
>
> However, in the event that either Mr. Finn or the appellate counsel is successful in persuading the appellate courts that the statute does not mean what it says or else that it's unconstitutional, I will go ahead and make findings on factors determinative of sentencing and indicate why I believe a mandatory sentence is an appropriate sentence in this individual case.
>
> Looking first at the protection of society . . . .

The sentencing judge then spoke at length concerning the need in this case for protection of society, defendant's potential for reformation and defendant's need for discipline. She noted that defendant had a background as a state trooper and police officer, and that he should have "not only respect for the law and appreciation for why we have laws, but also an appreciation of what happens to people when they get caught."

We conclude that defendant's sentence was not cruel and unusual and our appellate conscience is not shocked. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Affirmed.

Marilyn Kelly, J., concurred.

Michael J. Kelly, J. *(dissenting).* I find this case indistinguishable from *People v Schultz,* 172 Mich App 674; 432 NW2d 742 (1988), lv gtd 432 Mich 891 (1989). The majority says that the sentencing judge stated her belief that the mandatory sen-

tence was "an appropriate sentence in this individual case." I don't see it that way. She said:

> [*The Court*]: Thank you. It's the Court's belief that the sentence is mandatory and that I have no discretion, despite the law cited to the Court. In light of that, it would seem to me that findings on factors determinative of sentencing were really not necessary.

This defendant had never been convicted of anything and was described by the presentence reporter as "before the court for his first known criminal involvement." The use of long mandatory minimum sentences to discourage drug trafficking has been about as effective as King Canute's order to the tides.

I would affirm the conviction and remand for resentencing as in *People v Schultz, supra.*