PEOPLE v WILLIAMS

Docket No. 128855. Submitted March 19, 1991, at Detroit. Decided
   May 20, 1991, at 9:50 A.M. Leave to appeal sought.

   Michael Van Williams, Jr., pleaded guilty in the Macomb Circuit
   Court of possession with intent to deliver 225 grams or more,
   but less than 650 grams of cocaine. At the time of sentencing,
   defense counsel argued that there were substantial and compel-
   ling reasons for the court to depart from the mandatory mini-
   mum sentence of ten years and impose a lesser sentence. The
   court, Michael D. Schwartz, J., did not find the reasons to be
   substantial and compelling, and sentenced the defendant to
   imprisonment for ten to thirty years. The defendant appealed.

      The Court of Appeals *held:*

      1. The court did not err in failing to find that the defendant
   came from a poor background to be a substantial and compel-
   ling reason warranting a deviation from the mandatory mini-
   mum sentence. A substantial and compelling reason is some-
   thing that is basic, something that will compel a judge to
   deviate.

      2. Legislatively mandated sentences are presumptively pro-
   portionate and valid. The sentence imposed on the defendant
   does not violate the principle of proportionality, nor does it
   amount to cruel and unusual punishment.

      Affirmed.

      FITZGERALD, J., concurring in part and dissenting in part,
   stated that legislatively mandated sentences are not presump-
   tively proportionate and valid.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Carl J. Marlinga,* Prose-
cuting Attorney, *Robert J. Berlin,* Chief Appellate Lawyer, and *Steven M. Kaplan,* Assistant Prose-
cuting Attorney, for the people.

*Neil J. Leithauser,* for the defendant.

Before: HOLBROOK, JR., P.J., and CAVANAGH and FITZGERALD, JJ.

HOLBROOK, JR., P.J. Defendant was arrested and charged with one count of possession of cocaine with intent to deliver in an amount greater than 650 grams, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i), and one count of conspiracy to possess with intent to deliver 650 grams or more of cocaine, MCL 750.157a; MSA 28.354(1). Pursuant to a plea and sentence bargain, defendant pleaded guilty of one count of possession with intent to deliver 225 grams or more, but less than 650 grams of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), and the prosecutor recommended a minimum sentence not to exceed ten years. At the time of sentencing, defense counsel argued that there were "substantial and compelling" reasons for the court to depart from the mandatory minimum sentence of ten years and to impose a lesser sentence. The sentencing court did not find the reasons to be substantial and compelling and declined to depart from the statutorily mandated minimum sentence, sentencing defendant to a term of imprisonment of ten to thirty years.

Defendant now appeals as of right, arguing that (1) he had demonstrated reasons which were "substantial and compelling," (2) the sentence is excessively severe and is disproportionate to both the offense and the offender, and (3) the mandatory sentence constituted cruel and unusual punishment. We affirm.

I

At the time of sentencing, defendant's counsel argued that, because defendant was only nineteen years old, had no prior criminal record except two juvenile convictions, suffered the trauma of attending seven or ten different schools, and grew up in

an economically deprived environment, there were "substantial and compelling" reasons for departing from the mandatory minimum sentence. In rejecting defendant's argument, the sentencing court said, "It is not because somebody comes from a poor background who has gone astray but it must be something that is basic, something that will compel a judge to deviate from the particular law."

In *People v Downey,* 183 Mich App 405, 417; 454 NW2d 235 (1990), this Court created an "objective and verifiable" litmus test for determining if proffered reasons are "substantial and compelling." While the legislative intent in adopting the "substantial and compelling" language was clearly to give the sentencing judge broad discretion to depart from the mandatory minimum sentences, the effect of the "objective and verifiable" test was to severely restrict this discretion.

For this reason, the "objective and verifiable" test was rejected by this Court in *People v Troncoso,* 187 Mich App 567; 468 NW2d 287 (1991).[1] The *Troncoso* panel found that because the Legislature's expressed intent in adopting the "substantial and compelling" language was to "expand sentencing discretion," *id.,* p 574, the terms contemplated a far broader scope of criteria than that afforded by the *Downey* test. Inasmuch as the Legislature accorded no special meaning to the words "substantial and compelling," they are to be construed according to their "common and approved usage." *Id.,* p 573. *Troncoso* retained *Downey's* nonexhaustive list of factors to be considered, but rejected its "objective, verifiable, and prearrest conduct limitations." *Id.,* p 577. *Troncoso*

[1] We note that pursuant to Administrative Order No. 1990-6, 436 Mich lxxxiv, the decision in *Troncoso* is now the controlling authority in this Court.

recognized that while the sentencing court's discretion is not unfettered, it exists nonetheless and is limited to the extent that the reasons for deviation are "substantial and compelling. The perimeters of the limited judicial discretion afforded by the statute will become more clearly defined through our case by case review." *Id.*

Upon our review of the record below, we find no error in the sentencing court's failure to find "substantial and compelling" reasons warranting deviation from the statute. We believe the sentencing judge captured the essence of the statute when he stated his belief that "it must be something that is basic, something that would compel a judge to deviate" from the statute. There was clearly no abuse of discretion in the determination that the factors urged upon the court by defendant were not "substantial and compelling."

II

The second part of defendant's argument attempts to apply our Supreme Court's recently adopted proportionality standard of review for sentencing issues by arguing that a statutorily mandated minimum sentence fails to take into account the nature of the offense and the offender's background. While facially appealing, upon examination defendant's argument must fail.

When adopting the proportionality standard of review in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), the Court's fulcrum was a belief that in developing its sentencing scheme, the Legislature itself employed the principle of proportionality:

First, the Legislature has endeavored to provide the most severe punishments for those who com-

mit the most serious crimes. The crime of murder, for example, is punishable by a longer term than is the lesser included crime of assault. Second, offenders with prior criminal records are likewise subject to harsher punishment than those with no prior convictions, as reflected in the general and specific habitual offender provisions of the penal statutes. These two elements combine to form what might be called the "principle of proportionality." *Id.,* p 650.

The Court noted that the Legislature, with only a few exceptions, has provided a range of punishment for each felony. Because the Legislature subscribed to the principle of proportionality in developing the sentencing scheme, the Court concluded that it was the Legislature's intent to allow for proportionality in the crafting of individual sentences. "We believe that judicial sentencing discretion should be exercised, within the legislatively prescribed range, according to the same principle of proportionality that guides the Legislature in its allocation of punishment over the full spectrum of criminal behavior." *Id.,* p 651.

Implicit in this holding, we believe, is a presumption not only of proportionality for a legislatively mandated sentence, but of validity as well.[2] Thus, we hold that the ten-year mandatory minimum sentence does not violate the principle of proportionality set forth in *Milbourn.*

### III

Lastly, defendant's argument that a mandatory

---

[2] This presumption of validity in no way diminishes Judge Holbrook's belief that a mandatory life sentence for offenses involving 650 grams or more of a controlled substance violates federal and state constitutional bans on cruel and unusual punishment. See *People v Harding,* 163 Mich App 298; 413 NW2d 777 (1987) (Holbrook, Jr., P.J., dissenting), vacated and remanded on other grounds 430 Mich 859 (1988).

minimum sentence for possession with intent to deliver 225 grams or more, but less than 650 grams of cocaine constitutes cruel and unusual punishment has been considered by this Court and rejected. See *People v Anderson,* 180 Mich App 781; 448 NW2d 361 (1989), and *People v Marji,* 180 Mich App 525; 447 NW2d 835 (1989). Nothing in defendant's argument dictates a different conclusion.

Affirmed.

CAVANAGH, J., concurred.

FITZGERALD, J. *(concurring in part and dissenting in part).* While I agree with the majority's conclusion that the trial court did not abuse its discretion in holding that substantial and compelling reasons to depart from the mandatory minimum sentence were not present in this case, I disagree with the majority's conclusion that legislatively mandated sentences are presumptively proportionate and valid. The inclusion of a provision allowing a sentencing judge to deviate from the mandatory minimum sentence for "substantial and compelling" reasons does not support such a conclusion.