*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DEMARIOL DONTAYE BOYKIN,

      Defendant-Appellant.

UNPUBLISHED
October 5, 2023

No. 335862
Kent Circuit Court
LC No. 03-004460-FC

Before: MARKEY, P.J., and SHAPIRO and GADOLA, JJ.

ON REMAND

PER CURIAM.

This case returns to this Court on remand from our Supreme Court for determination whether the trial court properly considered defendant's youth as a mitigating factor when sentencing defendant to 40 to 60 years' imprisonment for his conviction of first-degree murder, MCL 750.316(1). We determine that the trial court considered defendant's youth when resentencing defendant, but that it then concluded that defendant's youth did not serve to mitigate the enormity of his actions in murdering a fellow teen. Because the trial court considered *whether* defendant's age was a mitigating factor, but did not consider defendant's age *as* a mitigating factor, we vacate defendant's sentence and remand to the trial court for resentencing.[1]

## I. FACTS

In 2003, when defendant was 17 years old, he shot and killed Shawn Broyles, who was 18 years old. This Court previously summarized the facts of this case as follows:

---

[1] We recognize the hair-splitting involved in this distinction, but conclude that our Supreme Court's decision in *People v Boykin*, 510 Mich 171, 178; 987 NW2d 58 (2022) (*Boykin III*) mandates that distinction, which in turn necessitates yet another remand in this case.

The victim, Shawn Broyles, and defendant's brother Marvin were engaged in a fist-fight. Broyles' two friends were present, but did not think the fight was serious enough to merit their involvement. Defendant, his father, and defendant's brother Charles were present. Neither defendant's father nor Charles thought the fight was serious enough to merit their intervention either. At no time did Broyles attack or threaten to attack defendant. In fact, Broyles had already begun running from the scene of the altercation when defendant started shooting at him.

Second, defendant had time in which to consider his actions. Broyles pleaded with defendant to "Come on, stop," presumably after he saw the gun in defendant's hand. Defendant, however, did not stop. Broyles turned and ran from defendant. Defendant raised his gun and fired three to four shots at Broyles. Broyles fell after being shot twice. One witness testified that defendant lifted Broyles up by his jacket hood, put the gun to his cheek, and pulled the trigger, but the gun did not fire. The gun, found by Broyles' cousin, was determined to be jammed. After attempting to shoot Broyles again, defendant and his two brothers kicked Broyles as he lay dying on the sidewalk. Defendant's brother Marvin testified that defendant said he shot Broyles because Broyles had jumped him a few years before. [*People v Boykin*, unpublished opinion per curiam of the Court of Appeals, issued July 14, 2005 (Docket No 253224) (*Boykin I*).]

Defendant was convicted after a jury trial of first-degree murder, MCL 750.316(1), possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and, although he was only 17 years old at the time of the murder, he already was a fourth-offense habitual offender and therefore also was convicted under MCL 769.12. He was sentenced to mandatory life imprisonment without possibility of parole for the murder conviction, and to two years' imprisonment for the felony firearm conviction. This Court affirmed defendant's convictions. *Boykin I*, unpub op at 1-2. Defendant thereafter pursued a number of post-conviction measures to overturn his convictions and sentence.

In 2016, a writ of habeas corpus was issued for defendant's resentencing pursuant to *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), which held that imposing upon a juvenile a mandatory sentence of life imprisonment without the possibility of parole was unconstitutional, and *Montgomery v Louisiana*, 577 US 190; 136 S Ct 718; 193 L Ed 2d 599 (2016), which applied *Miller* retroactively. Because defendant received a mandatory life sentence without possibility of parole for his first-degree murder conviction, defendant was entitled to resentencing under *Miller* and *Montgomery*, as well as under Michigan's legislative response to *Miller*, MCL 769.25 and MCL 769.25a.

At resentencing, the prosecutor did not seek a life sentence for defendant, but instead suggested a sentence of 40 to 60 years for defendant's first-degree murder conviction. The trial court agreed, sentencing defendant to 40 to 60 years' imprisonment. During the resentencing hearing, the trial court stated that in resentencing defendant it considered the factors articulated in *Miller*, including defendant's age, maturity, and impetuosity.

Defendant appealed to this Court, contending that the trial court did not properly apply the factors discussed in *Miller* when resentencing him, and that his sentence did not comply with the

constitutional mandate that juveniles be treated differently from adults when sentenced. We disagreed and affirmed the order of the trial court, reasoning in relevant part:

> In *Miller*, the United States Supreme Court held that mandatory, life-without-parole sentences for juvenile offenders were unconstitutional because the youthfulness of the offender was not considered, resulting in the risk of disproportionate punishment. *Miller*, 567 US at 465, 479. In *Miller*, "[t]he Court emphasized that the unique characteristics of youth warranted treating juveniles differently from adults for purposes of sentencing." *Hyatt*, 316 Mich App at 379. The *Miller* Court outlined three gaps that exist between juveniles and adults:

>> First, children have a lack of maturity and an underdeveloped sense of responsibility, leading to recklessness, impulsivity, and heedless risk-taking. Second, children are more vulnerable . . . to negative influences and outside pressures, including from their family and peers; they have limited contro[l] over their own environment and lack the ability to extricate themselves from horrific, crime-producing settings. And third, a child's character is not as well formed as an adult's; his traits are less fixed and his actions less likely to be evidence of irretrievabl[e] deprav[ity]. [*Miller*, 567 US at 471 (quotation marks and citations omitted).]

> In response to *Miller*, Michigan enacted 2014 PA 22, which, in relevant part, added MCL 769.25. *Hyatt*, 316 Mich App at 384. Under this statute, if upon resentencing the prosecutor declines to move for the reinstatement of a defendant's sentence of life without parole, . . . then the defendant must be sentenced to "a term of imprisonment for which the maximum term shall be not less than 60 years and the minimum term shall not be less than 25 years or more than 40 years." See MCL 769.25(4) and (9).

> In this case, the prosecutor did not move for the reinstatement of defendant's prior life-without-parole sentence. At the resentencing hearing, the trial court stated that it was aware of *Miller* and that it was considering all of the *Miller* factors, including, but not limited to, age, maturity, impetuosity, family history, and home environment. The trial court thereafter sentenced defendant to a term of years, . . . . See MCL 769.25(4) and (9).

> Defendant argues that the trial court failed to properly consider the directive of *Miller* that juveniles should be considered differently during sentencing. The decision in *Miller*, however, applies only to juveniles sentenced to life without parole. *Miller*, 567 US at 465. Here, the trial court did not sentence defendant to life without parole, but instead sentenced defendant to a term of years in compliance with MCL 769.25. The trial court, therefore, was not compelled to consider the *Miller* factors.

> Moreover, because defendant's sentence of 40 to 60 years' imprisonment was within the statutorily mandated range requiring 25 to 40 years for the minimum

term and 60 years for the maximum term, the sentence is presumptively proportionate. See *People v Williams*, 189 Mich App 400, 404; 473 NW2d 727 (1991) (holding that a legislatively mandated sentence is presumptively proportionate and valid). Considering the totality of the circumstances, defendant's sentence was proportionate to the seriousness of the offense—first-degree murder—and the offender, who was almost 18 years old at the time of the crime and who acted with extreme brutality by executing another teenager with virtually no provocation. We conclude that the trial court did not abuse its discretion in imposing a sentence of 40 to 60 years' imprisonment for defendant's conviction of first-degree murder. [*People v Boykin*, unpublished opinion per curiam of the Court of Appeals, issued March 20, 2018 (Docket No 335862), p 3-4 (footnote omitted) (*Boykin II*).]

This Court observed that although it was not mandatory that the trial court consider the factors discussed in *Miller* when resentencing defendant to a term of years, nonetheless

[t]he trial court stated that it was considering all the *Miller* factors and specifically mentioned its consideration of defendant's psychological evaluations, defendant's childhood, and his misconducts while in prison involving intoxicating substances and weapons. Evaluating these factors, the trial court determined that defendant's youth and immaturity were not an excuse for his conduct, and that "[t]here was nothing to suggest here anything other than this was a cold, calculated, premeditated killing of an innocent human being who represented no threat to [defendant]." [*Boykin II*, unpub op at 4 n 2.]

After granting defendant leave to appeal, our Supreme Court held that a trial court must consider a juvenile defendant's youth as a mitigating factor when imposing a term-of-years sentence under MCL 769.25 or MCL 769.25a. *People v Boykin*, 510 Mich 171, 178; 987 NW2d 58 (2022) (*Boykin III*). The Supreme Court vacated the judgment of this Court to the extent that it addressed sentencing issues and remanded to this Court to determine whether the trial court considered defendant's youth as a mitigating factor when sentencing defendant. *Id*. at 178, 194.

## II. DISCUSSION

In response to *Miller*, our Legislature enacted MCL 769.25 and MCL 769.25a, pursuant to which defendant in this case was resentenced to a term of years. In *Boykin III*, our Supreme Court held that in all sentencing hearings conducted under MCL 769.25 or MCL 769.25a, the sentencing court must consider the defendant's youth "*and must* treat it *as* a mitigating factor" (emphasis added). *Boykin III*, 510 Mich at 189. In this case, our Supreme Court directed that we consider on remand the question "whether the trial court properly considered youth to be a mitigating factor when defendant was sentenced." *Id*. at 194.

### A. STANDARD OF REVIEW

This Court reviews the sentencing decisions of a trial court for an abuse of discretion. *Boykin III*, 510 Mich at 182, citing *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A trial court abuses its discretion if it imposes a sentence that violates the principle of

proportionality, which requires that the sentence imposed "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Skinner*, 502 Mich 89, 131-132; 917 NW2d 292 (2018) (quotation marks and citation omitted). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *Boykin III*, 510 Mich at 182, citing *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

B. *BOYKIN III*

In *Miller*, the United States Supreme Court held that a mandatory sentence of life imprisonment without the possibility of parole for juvenile offenders constitutes cruel and unusual punishment. The Supreme Court did not "foreclose a sentencer's ability to make that judgment in homicide cases," but required the sentencing court "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Miller*, 567 US at 480.

In response to *Miller*, our Legislature enacted MCL 769.25 and MCL 769.25a. MCL 769.25 applies to a criminal defendant who was less than 18 years old at the time the defendant committed an offense described in subsection (2) of that statute, and who was convicted of the offense on or after the effective date of the amendatory act or whose appeals were still pending. MCL 769.25(1). The statute requires the prosecutor to file a motion if the prosecutor seeks a life-without-parole sentence on resentencing. MCL 769.25(3) – (6). If the prosecutor does not seek a life-without parole sentence, the trial court is required to impose a maximum sentence of no more than 60 years and a minimum sentence of "not less than 25 years or more than 40 years." MCL 769.25(9). In this case, the prosecutor did not request a life-without-parole sentence, and the trial court imposed a term-of-years sentence in accordance with MCL 769.25(9).

If the prosecutor requests a life-without-parole sentence, at the hearing on the prosecutor's motion, "the trial court shall consider the factors listed in *Miller v Alabama*, . . . and may consider any other criteria relevant to its decision, including the individual's record while incarcerated." MCL 769.25(6). "[T]he court shall specify on the record the aggravating and mitigating circumstances considered by the court and the court's reasons supporting the sentence imposed . . . ." MCL 769.25(7).

In *Boykin III*, our Supreme Court established the analysis a court must undertake when imposing a term-of-years sentence for a juvenile offender under MCL 769.25, stating:

> Where the Legislature has assigned a range of sentencing outcomes for any given conviction, the trial court has authority to sentence a defendant within that range. Within that range, the sentence should be tailored to the particular circumstances of the case and offender. . . . It is the trial court's duty to exercise discretion in a way that ensures the individualized sentence conforms with the principle of proportionality. . . . An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense. . . . However, these are not the only relevant sentencing criteria and trial courts are not required to

-5-

consider each of these factors when imposing a sentence. [*Boykin III*, 510 Mich at 183 (citations omitted).]

The *Boykin III* Court also specifically held that "in all sentencing hearings conducted under MCL 769.25 or MCL 769.25a, trial courts are to consider the defendant's youth and must treat it as a mitigating factor." *Boykin III*, 510 Mich at 189. However, "this consideration need not be articulated on the record. . . . In other words, there is no authority that imposes a higher standard of articulation regarding youth beyond our general requirement that a trial court must adequately explain its sentence on the record in order to facilitate appellate review." *Id*. at 193-194.

In this case, we are tasked on remand with determining whether the trial court properly considered defendant's youth as a mitigating factor when sentencing defendant to 40 to 60 years' imprisonment for the first-degree murder of Shawn Broyles.[2] In doing so, we are mindful that our standard of review dictates that we not disturb the trial court's decision absent an abuse of the trial court's discretion. *Boykin III*, 510 Mich at 182. Our review of the record in this case leads us again to conclude that the trial court did, in fact, consider defendant's youth when sentencing defendant. The trial court stated on the record that it had considered the *Miller* factors, including but not limited to defendant's age, maturity, impetuosity, family history, and home environment, when sentencing defendant. See *Boykin II*, unpub op at 3-4, 4 n 2, 5 n 6.

We cannot say with confidence, however, that the trial court considered defendant's age of 17 as mitigating defendant's actions in killing 18-year-old Shawn Broyles. To "mitigate" is "to cause to become less harsh or hostile" or "to make less severe or painful," *Merriam-Webster's Collegiate Dictionary* (11th ed). A "mitigating factor" as used in the context of the law generally refers to a circumstance that "make[s] a bad action easier to understand and excuse, and may result in the person responsible being punished less severely." *Collins English Dictionary* (online ed.) Collinsdictionary.com/us/dictionary/English/mitigating-factor (accessed August 15, 2023).

In this case, the trial court's statements during defendant's resentencing indicate that the trial court did not find that defendant's age made defendant's murder of Broyles less harsh, hostile, severe, or painful, nor did it make defendant's actions easier to understand or excuse. The trial court's discussion on the record suggests that the trial court did not find defendant's age a factor mitigating the seriousness of defendant's actions. The trial court observed that defendant was only 80 days younger than the cutoff age of 18, and gave weight to defendant's conduct in escalating the incident from a fistfight between two persons to a three-against-one assault with a firearm, his attempt to fire the gun while holding it directly into Broyles's face, and his acts of kicking and stomping on Broyles after the gun would not discharge while Broyles was helpless and lying wounded on the ground. The trial court noted that Broyles was unarmed, that he posed no threat to defendant or his brothers, and that defendant's only apparent motive for the killing was to avenge his brother's honor in relation to a debt. The trial court also observed that defendant

---

[2] Because our Supreme Court has concluded that the trial court is required to consider a defendant's youth as a mitigating factor but need not articulate that consideration on the record, we are left to wonder how a reviewing court is to assess accurately whether a sentencing court considered youth as a mitigating factor. See *Boykin III*, 510 Mich at 178 ("no basis for requiring trial courts to articulate on the record how a defendant's youth affected the [sentencing] decision" exists).

reported a happy childhood with a family that was close and supportive. He was an average student who left school while in the 10th grade; he was never employed in legal employment, however, became involved in selling illegal drugs, and his mother urged him to leave their home in Chicago and live with his father in Michigan as a way to find a different environment. The trial court concluded that defendant's positive upbringing suggested that he willfully chose to engage in escalating criminal activity rather than being the product of a brutal upbringing from which he could not extricate himself.

Our reading of *Boykin III*, however, indicates that it was not adequate for the trial court to consider *whether* defendant's youth was a mitigating factor; rather, *Boykin III* directs that the trial court *must* consider a juvenile's age *as* a mitigating factor. See *Boykin III*, 510 Mich at 189 ("We thus hold . . . that in all sentencing hearings conducted under MCL 769.25 or MCL 769.25a, trial courts are to consider the defendant's youth and must treat it as a mitigating factor"). In this case, although the trial court considered defendant's age when resentencing him and considered *whether* defendant's age was a mitigating factor, the trial court did not consider that defendant's age *is* a mitigating factor; rather, the trial court found defendant's age insufficient to mitigate his actions in murdering another teen without provocation. Because "trial courts are to consider the defendant's youth and *must* treat it *as* a mitigating factor," *Boykin III*, 510 Mich at 189 (emphasis added), we are compelled to conclude that the trial court abused its discretion when sentencing defendant.

Defendant's sentence is vacated and this matter is remanded to the trial court for resentencing. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

-7-